UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-CV-01585-PGB-LHP

HOWARD COHAN,

    Plaintiff,

vs.

GOOD SHEPHERD FOOD SERVICES LLC
a Foreign Limited Liability Company
d/b/a CHARLEY'S PHILLY STEAKS & WINGS

    Defendant(s).
_____/

## ANSWERS TO COURT'S INTERROGATORIES

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through his undersigned counsel, hereby files his Verified Statement Responding to the Court's Interrogatories, and in support thereof would state:

1. **Residence Address.**

Plaintiff resides at 2377 NW 49th Lane, Boca Raton, Florida 33431.

2. **Name of current employer and place of employment.**

None; Plaintiff is retired and currently on disability.

3. **Date(s) and time(s) that you visited the subject property.**

Plaintiff has a specific recollection of having visited the Defendant's property located at 4855 Babcock St Ne, Palm Bay, FL 32905 on April 25, 2022.

4. **Purpose of your visit(s) and duration of your stay(s).**

Plaintiff visited the Defendant's restaurant as a bonafide patron seeking full and equal access and full and equal enjoyment of the facilities and amenities within the restaurant.

Independent of the personal desire to have access to this place of public accommodation barriers to access, Plaintiff acts as an advocate for the disabled and as a "tester" for the purpose of discovering, encountering and engaging discrimination against the disabled in places of public accommodations. When acting as a "tester", Plaintiff personally visits the public accommodation, engages all of the barriers to access, or at least those that he is able to access, and tests all of those barriers to access to determine whether and to the extent to which they are illegal barriers to access.

5. **Did anyone else accompany you? If so, who?**

No.

6. **Describe the nature of your disability.**

Plaintiff is an individual with numerous permanent disabilities including severe spinal stenosis of the lumbar spine with spondylolisthesis; severe spinal stenosis of the cervical spine with nerve root compromise on the right side; a non-union fracture of the left acromion (shoulder); a labral tear of the left shoulder; a full thickness tear of the right rotator cuff; a right knee medial meniscal tear; a repaired ACL and bilateral meniscal tear of the left knee; and severe basal joint arthritis of the left thumb. The above listed permanent disabilities and symptoms cause sudden onsets of severe pain and substantially limit Plaintiff's major life activities. As a result of these medical conditions Plaintiff's suffers body weakness, mobility limitations, abnormal gate, and abnormal balance. Additionally, his ability to lift, reach, bend, stretch, and twist are all substantially restricted.

7. **Specifically list each architectural barrier that you personally observed or experienced at this facility.**

   **Men's Restroom (General)**
   a. Failure to provide proper signage for an accessible restroom or failure to redirect a person with a disability to the closest available accessible

    restroom facility in violation of 2010 ADAAG §§ 216, 216.2, 216.6, 216.8, 603, 703, 703.1, 703.2, 703.5 and 703.7.2.1.
  b. Failure to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.
  c. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
  d. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.9 and 309.4.

**Men's Restroom (Accessible Stall)**
  e. Failure to provide flush controls located on the open side of the water closet in violation of 2010 ADAAG §§309, 309.4, 604 and 604.6
  f. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (Toilet paper roll blocking grab bar)
  g. Failure to provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in violation of 2010 ADAAG §§ 309, 309.1, 309.3, 309.4 and 308. (missing stall door handle)
  h. Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.
  i. Providing an element or object that protrudes greater than 4" into a pathway or space of travel situated between 27" and 80" high in violation of 2010 ADAAG §§ 204, 307, 307.1, 307.2.

**Restaurant Seating**
  j. Failure to provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in violation of 2010 ADAAG §§ 902, 902.2, 305 and 306.
  k. Failure to provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in violation of 2010 ADAAG §§ 226, 226.1, 902, 305 and 306.

8. **Did you take notes or make a contemporaneous record of these barriers? If so, please attach a copy to these Answers.**

Yes, Plaintiff took photographs of the barriers. Copies of said Plaintiff's visit photographs to the property is attached hereto as *Exhibit A*.

9. **Please list any other Title III cases in which you have been a party in this District.**

   I have been a plaintiff in approximately 408 Title III cases in this district. Please see attached "Select a Case" printout from the Middle District of Florida Electronic Case Filing System, attached hereto as ***Composite Exhibit B***.

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746. I verify under penalty of perjury that the foregoing is true and correct.

Executed on: _____

By: _____
Howard Cohan
Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 19, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Defendant's Registered Agent via USPS at:

GOOD SHEPHERD FOOD SERVICES LLC
c/o Hany Ibrahim
4937 CYPRESS HAMMOCK DR
ST CLOUD, FL 34771

        **Sconzo Law Office, P.A.**
        3825 PGA Boulevard, Suite 207
        Palm Beach Gardens, FL 33410
        Telephone: (561) 729-0940
        Facsimile: (561) 491-9459

        By: **/s/ Gregory S. Sconzo**
        GREGORY S. SCONZO, ESQ
        Florida Bar No.: 0105553
        **Primary Email:** greg@sconzolawoffice.com
        **Primary Email:** samantha@sconzolawoffice.com
        **Secondary Email:** alexa@sconzolawoffice.com